**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 11-20551

SARDAR ASHRAFKHAN (D-12),
JOHN GERALT (D-19)

    Defendants.
_____/

**OPINION AND ORDER RESOLVING DISCOVERY MOTIONS**

Now before the court are five motions filed by Defendant Sardar Ashrafkhan and Defendant John Gelt: (1) Ashrafkhan's Motion for the Disclosure of the Identity of and the Production of Discovery Relating to the Government's Confidential Informants (Dkt. # 992), (2) Ashrafkhan's Motion to Compel Discovery and the Production of Brady Material (Dkt. # 994), (3) Geralt's Motion for the Disclosure of the Identity of and the Production of Discovery Relating to the Government's Confidential Informants (Dkt. # 1004), (4) Geralt's Motion for Bill of Particulars (Dkt. # 661), and (5) Geralt's Motion to Compel Discovery, the Production of Brady Material and to Renew Motion for Bill of Particulars (Dkt. # 1005).  In these motions, both Defendants request the court to compel the government to disclose all exculpatory material and information related to Defendants and any material or information which affects the credibility of government witnesses (Dkt. # 994, Pg. ID 4733-48; Dkt. # 1005, Pg. ID 4909-20); both Defendants request that the court compel the government to disclose the identity of and produce discovery related to its confidential informants (Dkt. # 992, Pg. ID 4614-28; Dkt. # 1004,

Pg. ID 4890-900); and Geralt requests a bill of particulars (Dkt. # 1005, Pg. ID 4913). These matters are fully briefed, and no hearing is needed. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the motions will be denied.

**I. Disclosure of Exculpatory Information and Information Related to Government Witness Credibility**

Defendants move for an order requiring the government to do what it is already required to do in order to proceed with a constitutionally sound prosecution: disclose information that qualifies as potentially favorable. *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). In *Brady*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment," *Brady*, 373 U.S. at 87, and, in *Giglio*, the Court held that, "[w]hen the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within this general rule." *Giglio*, 405 U.S. at 154 (international quotation marks omitted).

The government in the instant case has made clear that it "is aware of the duty to disclose evidence favorable to the defendant, and fully intends to comply with its obligations." (Dkt. # 1020, 5031.) The government confirmed that it will provide Defendants with "this information in time for the vigorous cross-examination that is expected" after it is known which of the fifty-four defendants in this case, *United States v. Mason*, No. 11-20551, will proceed to trial. (Dkt. # 1020, Pg. ID 5032.)

The Sixth Circuit addressed the timing of *Brady* and *Giglio* disclosures in *United States v. Presser*, 844 F.2d 1275 (6th Cir. 1988). In *Presser*, the Sixth Circuit found that

2

"[p]reserving the defendant's ability to defend himself effectively at trial is the underlying purpose of the criminal discovery rules. Therefore, so long as the defendant is given impeachment material, even exculpatory impeachment material, in time for use at trial, we fail to see how the Constitution is violated." *Presser*, 844 F.2d at 1283. The trial is currently scheduled to begin on May 18, 2015, and the government is aware of its duty to provide *Brady* and *Giglio* disclosures with enough time for Defendants to "effectively" use the disclosed information at trial. The court views as unnecessary an order that compels the government to disclose information it is already aware it is obliged to disclose by the constitution.

Moreover, some of the requested disclosures appears to fall within The Jencks Act, 18 U.S.C. § 3500, which provides,

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a).

The Sixth Circuit has held that "the government may not be compelled to disclose Jencks Act material before trial." *Presser*, 844 F.2d at 1283. Therefore, all Defendants' requested information that falls within *Jencks,* the court cannot compel pretrial disclosure.

## II. Discovery Related to Confidential Informants

Both Defendants cite to *Roviaro v. United States*, 353 U.S. 53 (1957) in arguing that the government should be ordered to identify and produce discovery related to its confidential informants. In *Roviaro*, the Sixth Circuit recognized that the government

has a "privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law;" this privilege is typically referred to as "the informer's privilege." *Id.* at 59. This privilege is limited by "the fundamental requirements of fairness." *Id.* at 60. "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60-61. To determine whether to disclose an informer's identity, *Roviaro* "calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 62. "Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.*

The *Roviario* balancing test is generally left to the discretion of the district court. *United States v. Sharp*, 778 F.2d 1182, 1187 (6th Cir. 1985). "Mere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure." *Id.* (citation omitted). A defendant must present some evidence that disclosing the identity of an informant would be helpful to the defense before disclosure would be warranted. *See id.* ("Where the defendant claims entrapment, he must adduce some evidence of entrapment before the government is called upon to disclose to the defendant identity of an informant or to disclose whether a potential witness may have given information to the government . . . ."). Defendants have failed to present any such evidence. Ashrafkhan asserts that, "[t]here is a high probability that

4

the Informants, as insiders to this alleged scheme to defraud, have information unique and distinct from any other potential witness. These persons could have information that may tend to exonerate [Ashrafkhan], while casting guilt upon other defendants and possibly other unindicted individuals." (Dkt. # 992, Pg. ID 4619-20.) Likewise, Geralt states that, "as insiders and possibly progenitors [sic] of their involvement in this activity, they have unique inside information as to the overall scheme referenced in the Indictment as well as specific details as to the creation of and overall implementation of these recorded visits." (Dkt. # 1004, Pg. ID 4892-93.) Neither Defendant has carried his "burden of demonstrating to the court 'how disclosure of the informant would substantively assist in his defense.'" *United States v. Sierra-Villegas*, 774 F.3d 1093, 1099 (6th Cir. 2014) (quoting *United States v. Moore*, 954 F.2d 379, 281 (6th Cir. 1992)). Both Defendants hypothesize that the confidential informants "could" have "unique" information because, Defendants assert, they participated in the alleged crimes. But conjecture such as this, without more, does not warrant disclosure of the confidential informants' identities. *See Sharp*, 778 F.2d at 1187. Defendants have not shown, at this time, that the disclosure of the confidential informants' identities would sufficiently benefit their ability to prepare for their defense to outweigh the public interest in protecting the identity of the confidential informants. *See Roviaro*, 353 U.S. at 62.

Ashrafkhan requests, in the alternative, that the court compel an *in camera* interview of the confidential informants. Before disclosing the identity of confidential informants, "courts have traditionally utilized *in camera* interviews in order to assess the relevance and possible helpfulness of the informant's identity to the defense." *Sharp*, 778 F.2d at 1187. However, because Defendants have not presented evidence

5

showing how the disclosure of the informants' identities would benefit their ability to prepare their defense, the court finds *in camera* interviews unwarranted.

### III. Bill of Particulars

Geralt also moves for a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f). "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). "A court does not abuse its discretion by denying a bill of particulars in light of a detailed indictment," *id.*, and, here, the Second Superceding Indictment in the instant case is thirty-one pages long, and provides substantial detail about the alleged crimes. (Dkt. # 189, Pg. ID 832-62.)

The indictment charges Geralt and others with (1) conspiracy to distribute and possess with intent to distribute controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 846 ("Count 1") and (2) health care fraud conspiracy in violation of 18 U.S.C. §§ 1347, 1349 ("Count 2"). The indictment contains eleven additional counts charging defendants other than Geralt. Count 1 alleges that, from January 2008 "continuing as to some conspirators until on or about the date of this indictment," Geralt and forty other defendants conspired with each other "as well as other persons not named in this Indictment" to distribute and possess with intent to distribute controlled substances including oxycodone, oxymorphone, Viccodin, hydrocone bitartrate, and Alprazolam.

(Dkt. # 189, Pg. ID 841-43.) Count 2 alleges that from January 2008 "continuing as to some conspirators until on or about the date of this indictment," Geralt, thirty-one other defendants, and "others[] both known and unknown to the Grand Jury" conspired to defraud a health care benefit program affecting commerce. (*Id.* at 843-45.) Count 2 further alleges that (1) the defendants and others unlawfully enriched themselves by submitting false claims to Medicare, Medicaid, and private insurers; (2) paying kickbacks and bribes to Medicare and Medicaid beneficiaries in order to use their beneficiary numbers for the basis of the fraudulent claims; (3) receiving kickbacks and bribes for arranging the furnishing of services for which payment may be made by Medicare and Medicaid; (4) concealing the submission of fraudulent claims to Medicare, Medicaid, and private insurers, the receipt and transfer of proceeds from the fraud, and the payment of kickbacks; and (5) divesting proceeds of the fraud for the personal benefit of the defendants and their co-conspirators. (*Id.* at 845.)

A bill of particulars "is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial. Further, a defendant is not entitled to discover all the overt acts that might be proven at trial." *Salisbury*, 983 F.2d at 1375. In light of the detailed indictment, Geralt's motions for a bill of particulars will be denied.

## IV. CONCLUSION

IT IS ORDERED that Defendant Sardar Ashrafkhan's Motion for the Disclosure of the Identity of and the Production of Discovery Relating to the Government's Confidential Informants (Dkt. # 992) is DENIED WITHOUT PREJUDICE.

7

IT IS FURTHER ORDERED that Defendant Sardar Ashrafkhan's Motion to Compel Discovery and the Production of Brady Material (Dkt. # 994) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Defendant Dr. John Geralt's Motion for the Disclosure of the Identity of and the Production of Discovery Relating to the Government's Confidential Informants (Dkt. # 1004) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Defendant John Geralt's Motion for Bill of Particulars (Dkt. # 661) is DENIED.

IT IS FURTHER ORDERED that Defendant Dr. John Geralt's Motion to Compel Discover, the Production of Brady Material and to Renew Motion for Bill of Particulars (Dkt. # 1005) is DENIED with regard to the request for a bill of particulars and DENIED WITHOUT PREJUDICE in all other respects.

> s/ Robert H. Cleland
> ROBERT H. CLELAND
> UNITED STATES DISTRICT JUDGE

Dated:  April 16, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 16, 2015, by electronic and/or ordinary mail.

> S/Lisa Wagner
> Case Manager and Deputy Clerk
> (313) 234-5522