**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

   Plaintiff,

v.                    Case No. 11-20551

SADAR ASHRAFKHAN,

   Defendant.
                   /

**SUPPLEMENTAL ORDER ON SENTENCING PREPARATION
AND SETTING DATE FOR RESPONSE TO OBJECTIONS**

  A presentence report (PSR) has been prepared and circulated among counsel. There are controverted items and objections presented by Defendant to which the government has not yet responded. This order disposes of certain of the purported objections and identifies the matters to which the court directs responses.

1.  Controverted Item #1. This item presents nothing more than argument, and is accordingly **REJECTED.** The government may respond in a sentencing memorandum.

2.  Controverted Item #2. This item presents nothing more than argument, and is accordingly **REJECTED.** The government may respond in a sentencing memorandum.

3.  Controverted Item #3. This item alleges that there is "no evidence" to support the PSR finding of kickbacks paid by Defendant. A response by the government is **REQUIRED**.

4.  Controverted Item #4. This item alleges that there is "no credible evidence" to

support the PSR finding of Defendant directing others. A response by the government is **REQUIRED**.

5. Controverted Item #5. This item alleges that there is "no evidence" to support the PSR finding of Defendant paying doctors to sign prescription pads. A response by the government is **REQUIRED**.

6. Controverted Item #6. This item alleges that Defendant "did not benefit from the Court 1 Drug Conspiracy." Because this appears to challenge the existence of relevant conduct, a response by the government is **REQUIRED**.

7. Controverted Item #7. This item alleges essentially that Defendant had nothing to do with Defendant Pamatmat or witness Jones. Because this appears to challenge the existence of relevant conduct, a response by the government is **REQUIRED**.

8. Controverted Item #8. This item alleges essentially that Defendant had nothing to do with Defendant Iyer of his behavior. Because this appears to challenge the existence of relevant conduct, a response by the government is **REQUIRED**.

9. Controverted Item #9. This item alleges that there is "no evidence" to support the PSR finding of Defendant supervising or directing various doctors. A response by the government is **REQUIRED**.

10. Controverted Item #10 (new number 1). This item challenges the PSR's drug quantity calculations, apparently focused on Defendant Pamatmat. A response by the government is **REQUIRED**.

11. Controverted Item #11 (new number 2). This item also challenges the PSR's drug quantity calculations, apparently focused on Defendant Geralt. A response by the

government is **REQUIRED**.

12. Controverted Item #12 (second new number 1). This item also challenges the PSR's drug quantity calculations, apparently focused on Defendant Geralt. A response by the government is **REQUIRED**.

13. Controverted Item #13 (new number 3). This item also challenges the PSR's drug quantity calculations, apparently focused on Defendant Kelly. A response by the government is **REQUIRED**.

14. Controverted Item #14 (new number 4). This item also challenges the PSR's drug quantity calculations, apparently focused on Defendant Iyer. A response by the government is **REQUIRED**.

15. Controverted Item #15 (new number 5). This item challenges the PSR's fraud loss calculations, apparently focused on the assumption of 90%. A response by the government is **REQUIRED**.

16. Controverted Item #16 (new number 6). This item challenges the PSR's fraud loss calculations, apparently focused on the amount billed versus the amount paid. A response by the government is **REQUIRED**.

17. Controverted Item #17(new number 7). This item challenges the PSR's loss calculations, apparently focused on Galaxy Home Health. A response by the government is **REQUIRED**.

18. Controverted Item #18 (new number 8). This item challenges the PSR's loss calculations, apparently focused on Preferred Home Health. A response by the government is **REQUIRED**.

19. Controverted Item #19 (new number 9). This item challenges the PSR's loss calculations, apparently focused on Procare Home Health. A response by the government is **REQUIRED**.

20. Controverted Item #20 (new number 10). This item was resolved by the Probation Department. No response is necessary. The "objection" is **REJECTED**.

21. Controverted Item #21 (new number 11). This item is nothing more than a mechanical or mathematical observation, not an objection. No response is necessary. The "objection" is **REJECTED**.

22. Controverted Item #22 (new number 12). This item challenges the the PSR's two-level enhancement for using "sophisticated means." A response by the government is **REQUIRED**.

23. Controverted Item #23 (new number 13). This item is nothing more than a mechanical or mathematical observation, not an objection. No response is necessary. The "objection" is **REJECTED**.

Accordingly,

IT IS ORDERED that Government counsel file a consolidated Response to Defendant's Objections by **May 9, 2017.**

                                             s/Robert H. Cleland
                                             ROBERT H. CLELAND
                                             UNITED STATES DISTRICT JUDGE

Dated: April 24, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 24, 2017, by electronic and/or ordinary mail.

                                          s/Lisa Wagner
                                          Case Manager and Deputy Clerk
                                          (313) 234-5522